# IN THE COURT OF APPEALS OF IOWA

No. 15-1541
Filed December 21, 2016

**DWIGHT MCCALL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

Dwight McCall appeals the district court's denial of his postconviction relief application. **AFFIRMED.**

Courtney T. Wilson of Gomez May L.L.P., Davenport, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Dwight McCall was found guilty of first-degree criminal mischief in 2008. He filed several applications for postconviction relief. The application underlying this appeal raised a single issue—whether his trial attorney was ineffective in failing to call certain alibi witnesses.

Two days before a postponed and rescheduled postconviction relief hearing, McCall filed a pro se motion to continue the hearing. He failed to appear on the scheduled hearing date. The postconviction court denied the motion to continue and rejected McCall's ineffective-assistance-of-counsel claim. This appeal followed.

McCall's appellate attorney contends (1) McCall "was denied effective assistance of postconviction counsel where counsel presented no evidence and made no argument in support of postconviction relief," and (2) the district court "abused its discretion in denying McCall's motion for a continuance." In a pro se filing, McCall raises issues that were not before the district court. He also provides details about his alibi-witness claim—details the State argues are not contained in the record. We decline to address any issues other than the issue reached by the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). We also decline to consider facts outside the record.

As a preliminary matter, the State argues the postconviction relief application is time-barred because it was filed three years and two months after procedendo issued in McCall's direct appeal. *See* Iowa Code § 822.3 (2015).

We assume without deciding that the application was timely filed, and we proceed to the merits.

With respect to McCall's first appellate claim, McCall must prove his postconviction attorney breached an essential duty and prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). On our de novo review, we are convinced he cannot establish either prong.

Postconviction counsel appeared at a scheduled hearing. His client did not. Counsel informed the court that he "wrote a letter" to McCall more than a month before the scheduled hearing and, again, a week before the hearing. He believed McCall was aware of the hearing date. He also noted that, on the day of the hearing, he "called the hallway on the first, second, and third floor" of the courthouse and had his secretary "call [McCall's] last known phone number" and leave a message. He offered the trial attorney's deposition transcript as evidence, which the court accepted.

Postconviction counsel did everything he could to ensure McCall's presence at the postconviction hearing. But, even if McCall had appeared and testified, there is no reasonable probability he would have succeeded on his claim that his trial attorney should have called alibi witnesses. As that attorney stated in his deposition, several of the witnesses informed his investigator that McCall had no alibi. The attorney stated, "[A]nybody who had told my investigator that [McCall] had admitted to them that he had done the damage [that led to the charge of criminal mischief], I was not willing to put on the stand, because that testimony would be contrary to the alibi." We conclude

postconviction counsel was not ineffective in failing to do more to pursue McCall's alibi-witness claim.

We turn to the postconviction court's denial of McCall's motion for a continuance of the hearing. As noted, McCall filed the motion two days before the hearing. This was not his first motion; the case was previously postponed at McCall's behest. We conclude the postconviction court did not abuse its discretion in denying the motion to continue. *See State v. Clark*, 814 N.W.2d 551, 560 (Iowa 2012) (setting forth standard of review).

We affirm the district court's denial of McCall's postconviction relief application.

**AFFIRMED.**